UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON HOLSAPPLE,

        Plaintiff,                      Case No. 13-11039
                                                     Honorable Thomas L. Ludington

v.

JOHN MILLER,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Jason Holsapple alleges that Bay County Sheriff John Miller terminated his employment because he supported another candidate—Robert Lee—for Sheriff in Bay County's 2012 election. Sheriff Miller filed a motion for summary judgment, but the Court denied it because genuine issues of material fact exist that must, by law, be decided by a jury. *See* Feb. 10, 2014 Op. & Order 9–16, ECF No. 79. On February 24, 2014, Sheriff Miller filed a motion for reconsideration of that Opinion and Order. Based on what follows, the motion for reconsideration will be denied.

**I**

A motion for reconsideration will be granted if the moving party shows: "(1) a 'palpable defect,' (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Michalec*, 181 F. Supp. 2d at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled

upon by the Court, either expressly or by reasonable implication, shall not be granted." *Michalec*, 181 F. Supp. 2d at 734 (brackets omitted) (quoting E.D. Mich. LR 7.1(h)(3)).

## II

Sheriff Miller argues that the Court erred in two ways when it denied his motion for summary judgment: "the specific instances the Court refers to do not constitute unlawful adverse employment action," Def.'s Mot. 1, ECF No. 91, and "[i]t is uncontradicted that the reason for [Holsapple's] discharge was based on all the complaints . . . which included insubordinate behavior, negative attitude and derogatory comments made about command staff," *id*. at 21. As discussed below, both arguments are without merit.

### A

Before reaching his two claims of error, Sheriff Miller first explains that "[t]emporal proximity alone will not support an inference of retaliatory discrimination where there is no other compelling evidence." *Id*. at 12 (citation omitted). Sheriff Miller suggests that even if he discovered Holsapple's support for challenger Lee one day before he terminated Holsapple's employment, that evidence would be insufficient to carry Holsapple's prima facie burden of causation. Of course, Sheriff Miller acknowledges that the Court is to consider the "totality of the circumstances" in determining causation. *Id*. (citation omitted). And here, there was evidence (in addition to temporal proximity) indicating that Sheriff Miller's decision to terminate Holsapple's employment could have been influenced by Holsapple's political affiliation. Indeed, many Bay County Sheriff's Office employees established this was a realistic concern. *See* Feb. 10, 2014 Op. & Order 2–4 (collecting evidence). For example, Sergeant John Babiarz testified that individuals that did not support Sheriff Miller faced discriminatory treatment. Babiarz Dep. 7, *attached as* Pl.'s Resp. Mot. Summ. J. Ex. 4, ECF No. 54. Together with temporal proximity, this evidence sufficiently demonstrates causation to withstand summary judgment review.

Sheriff Miller then drops into a discussion of pretext without addressing the portion of the Court's Opinion and Order concluding that such analysis is inapposite in First Amendment retaliation cases. *See* Feb. 10, 2014 Op. & Order 10 (quoting *Dye v. Office of the Racing Comm'n*, 702 F.3d 286, 295 (6th Cir. 2012) (holding that unlike under the *McDonnell Douglas* burden-shifting framework, the burden "does not shift back to a plaintiff to show pretext in First Amendment retaliation claims.")). Thus, Sheriff Miller's discussion of pretext is off the mark, and his claim that "Holsapple has not shown pretext which he was required to do at the summary judgment stage" is without merit. *See* Def.'s Mot. 24.

**B**

Sheriff Miller proceeds to his first argument for reconsideration, alleging that Holsapple did not suffer any adverse employment actions. He argues that denial of Holsapple's requests for secondary employment, use of a rifle, to stay on third shift, and the use of the term "Bangor Bitch" are all isolated incidents and not necessarily adverse. Of course, the adverse employment action that supported Holsapple's First Amendment claim was his termination of employment, *see* Feb. 10, 2014 Op. & Order 10, so why Sheriff Miller raises these points is unclear.

Next, concerning Sheriff Miller's decision to terminate Holsapple's employment, Sheriff Miller argues that "the Court's conclusion that [he] knew Holsapple supported Lee because [Holsapple] said he would tell Cunningham to 'fuck off' if Lee were Sheriff and that this is evidence of pretext is a huge leap for the Court to make." Def.'s Mot. 20. Again, any assertion of pretext is irrelevant here; the Court did not conclude that this was evidence of pretext. Moreover, this evidence—viewed in the light most favorable to Holsapple—is highlighted solely because it could support a jury finding that Sheriff Miller knew of Holsapple's affiliation with Robert Lee before Holsapple's employment was terminated. And termination is obviously an

adverse employment action. *See Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 628 (6th Cir. 2013) ("Equally irrefutable is the fact that the termination of his employment was an adverse employment action."). Because there is a genuine issue of material fact regarding whether Sheriff Miller knew that Holsapple supported Robert Lee before deciding to terminate his employment, summary judgment is not warranted.

C

Finally, Sheriff Miller argues that "[i]t is uncontradicted that the reason for [Holsapple's] discharge was based on all the complaints by Deputy Prezzato and other deputies which included insubordinate behavior, negative attitude and derogatory comments made about command staff." Def.'s Mot. 21. But as the Court tried to make clear in the February 10, 2014 Opinion and Order, if Holsapple carried his prima facie burden, summary judgment is warranted only if, "in light of the evidence viewed in the light most favorable to the plaintiff, no reasonable juror could fail to return a verdict for the defendant." Feb. 10, 2014 Op. & Order 10 (quoting *Dye*, 702 F.3d at 294–95).

The Court sought to address the evidence supporting Holsapple's claim that he was terminated not because of his inappropriate conduct as a Sheriff's Deputy but because of his political support for Robert Lee. *See* Feb. 10, 2014 Op. & Order 12–16. In fact, many employees testified that Holsapple was a model Sheriff's Deputy. Thus, the Sheriff's assertion that Holsapple's employment was terminated because of inappropriate behavior is not "uncontradicted," the evidence does not preclude a verdict on his behalf, and summary judgment is not warranted. Moreover, Sheriff Miller offers nothing new on the point, but simply attempts to reassert the arguments the Court previously addressed. *See* E.D. Mich. LR 7.1(h)(3). His motion for reconsideration will not be granted.

## III

Accordingly, it is **ORDERED** that Sheriff Miller's motion for reconsideration, ECF No. 91, is **DENIED**.

Dated: February 27, 2014              s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 27, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS